UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**FRANKFORT**

| | | |
|---|---|---|
| WALTER EDMUND SMITH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| LEVEELIFT, INC., | ) ) | |
| Defendant, Third-Party Plaintiff, and Counter Defendant, | ) ) ) ) | Civil Action No. 3:04-02-JMH |
| v. | ) ) | |
| SKYJACK, INC., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Third-Party Defendant, Third-Party Plaintiff, and Counter Defendant, | ) ) ) ) | |
| v. | ) ) | |
| MIDWEST STEEL, INC., | ) ) | |
| Third-Party Defendant and Counter Claimant. | ) ) ) ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on motion of Midwest Steel, Inc. ("Midwest"), to dismiss the third-party complaint of Leveelift, Inc. ("Leveelift"), and the third-party complaint[1] of Skyjack, Inc. ("Skyjack") [Record No. 53]. The Court has reviewed

---

[1] Skyjack and Leveelift filed a joint motion for leave to file a third-party complaint against Midwest, but titled it a cross claim as to Skyjack. The Court granted said leave [Record No. 44], deeming the tendered complaint a third-party complaint as to both Skyjack and Leveelift because cross claims are filed against parties and, at the time of the filing of the tendered complaint, Midwest was not a party.

the responses and the reply and the matter is now ripe for decision.

**Background**

The plaintiff, Walter Edmund Smith ("Smith"), filed the instant action against the defendant Leveelift for injuries sustained on March 19, 2003, while the plaintiff was operating a Skyjack 3219 scissor lift ("3219 lift"). The complaint alleges that as lessor of the 3219 lift, Leveelift caused the plaintiff's injuries because the lift was defective when leased to Midwest, the plaintiff's employer. On September 13, 2004, Leveelift filed a third-party complaint against Skyjack, the manufacturer of the 3219 lift, for defective design, indemnity, and contribution. As of the date of this Order, the plaintiff has not filed any claims against Skyjack.

On April 19, 2005, Leveelift and Skyjack jointly filed third-party complaints[2] against Midwest, alleging Midwest had a duty to warn the plaintiff about the 3219 lift's mechanical problems and/or to report such problems to Leveelift. Leveelift's third-party complaint against Midwest seeks apportionment for liability and requests:

> the Court enter judgment in favor of . . . Leveelift, Inc., against . . . Midwest Steel, Inc., apportioning all fault against . . . Midwest Steel Inc., and awarding Leveelift, Inc. full judgment for indemnity and

---

[2] The parties jointly filed the same third-party complaint, which has been entered once as to each party in Record Nos. 45 & 46.

2

> contribution, and to dismiss Leveelift, Inc. as a party defendant to these proceedings.
>
> Similarly, Skyjack's third-party complaint requests:
>
> the Court likewise enter a judgment in favor of Skyjack, Inc., apportioning all liability and fault for the [p]laintiff's alleged injuries against . . . Midwest Steel, Inc. in favor of Skyjack, Inc. on its cross-claim . . ., awarding indemnity and contribution and dismissing Skyjack, Inc. from these proceedings.

(Third-Party Compl. Ag. Midwest, R. 45 & 46, respectively, at 3.)

Midwest then filed a counter claim against Skyjack and Leveelift, alleging that the Kentucky Workers Compensation Act ("the WCA") provides that Midwest is entitled to recover benefits paid to the plaintiff if the plaintiff receives damages from either Skyjack or Leveelift.

**Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the sufficiency of the plaintiff's complaint. For purposes of a motion to dismiss, "[t]he Court must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)); *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002). Construing the complaint in the light most favorable to the plaintiff, dismissal is proper only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief.'" *Forest v. United States*

3

*Postal Serv.*, 97 F.3d 137, 139 (6th Cir. 1996) (*quoting Am. Eagle Credit Corp. v. Gaskins*, 920 F.2d 352, 353 (6th Cir. 1990)).

## Analysis

Midwest's motion to dismiss argues that Leveelift and Skyjack's third-party complaints should be dismissed because the WCA provides the exclusive remedy against employers that have provided benefits to employees for work-related injuries. The parties all agree that Midwest paid workers compensation benefits to the plaintiff and that the WCA provides the exclusive remedy for the plaintiff's damages, but disagree as to whether an action by third-parties for apportionment, contribution, or indemnity is still maintainable.

Relying on the following portion of the WCA, Midwest argues that the WCA is the exclusive remedy not just for the employee, but for anyone entitled to recover damages against the employer:

> If an employer secures payment of compensation as required by this chapter, the liability of such employer shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law . . . on account of such injury or death.

KRS § 342.690(1) (Banks-Baldwin 2003). Midwest ignores the remainder of the paragraph, however, which provides,

> The liability of an employer *to another person who may be liable* for or who has paid damages on account of injury or death of an employee of such employer arising out of and in the course of employment and *caused by a breach of any duty or obligation owed by such employer to such other* shall be limited to the amount of compensation and other benefits for which such employer is liable under

4

>     this chapter on account of such injury or death, unless
>     such other and the employer by written contract have
>     agreed to share liability in a different manner.

*Id.* Neither party's third-party complaint seeks monetary damages against Midwest and clearly Leveelift and Skyjack are parties that are potentially liable for the plaintiff's injuries who seek to hold Midwest liable for injuries to the plaintiff. While the WCA provides that the liability of Midwest to third parties is limited to the benefits it paid to the plaintiff, nowhere does it say that third parties are deprived of other relief. *Capps v. Herman Schwabe, Inc.,* 628 F. Supp. 1353, 1358 (W.D. Ky. 1986) (analyzing KRS § 342.690, and holding that "while the employer may be held liable to a third party for contribution or indemnification, this liability is limited to the amount of the workers' compensation benefits payable").

In Midwest's reply, Midwest argues that the complaints should be dismissed because they do not state valid claims for apportionment, indemnity, or contribution under Kentucky law. As for apportionment,[3] Midwest argues that it is not necessary for

---

[3] Kentucky's apportionment statute provides:

> In all tort actions, including products liability
> actions, involving fault of more than one (1) party to
> the action, including third-party defendants and persons
> who have been released under subsection (4) of this
> section, the court, unless otherwise agreed by all
> parties, shall instruct the jury to answer
> interrogatories or, if there is no jury, shall make
> findings indicating:
>
>     (a) The amount of damages each claimant would be
>     entitled to recover if contributory fault is disregarded;
>     and

5

Midwest to be joined as a defendant in order for damages to be apportioned. Midwest cites Kentucky cases that have held that once a defendant asserts a cause of action against a third party, damages may be apportioned against that party even if the party is dismissed from the case. (Midwest's Reply to Leveelift's Resp. to Mot. to Dismiss at 2); citing *Adam v. J.B. Hunt Transp., Inc.*, 130 F.3d 219, 228 (6th Cir. 1997) (analyzing Kentucky law and holding that "if there has ever been an active assertion of a claim against the third party -- if the third party has been impleaded by the original defendant, in other words -- liability can be apportioned to the third-party defendant notwithstanding a dismissal prior to trial").[4]

---

> (b) The percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability under subsection (4) of this section.

KRS § 411.182 (Banks-Baldwin 2003).

[4] Midwest also cites *Kevin Tucker & Associates, Inc. v. Scott & Ritter, Inc.*, 842 S.W.2d 873, 874 n.5 (Ky. Ct. App. 1992), for the same proposition. This case has been overruled in part by *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775 (Ky. 2000). In *Degener*, the third-party defendant cited *Tucker* and argued that the enactment of the apportionment statute eliminated claims for indemnity. The *Degener* court distinguished Tucker because that case involved contribution. Further, *Degener* held that "none of those cases [including *Tucker*] specifically hold that the advent of apportioned liability between joint tortfeasors in pari delicto has eliminated the common law right to indemnity vested in one who is only constructively or secondarily liable to a plaintiff. Any language in *Continental Marine, Inc. v. Bayliner Marine Corp.* or *Kevin Tucker & Assocs., Inc. v. Scott & Ritter, Inc.*, both *supra*, which might imply such a holding is expressly disapproved." *Id.* at 781.

6

While it is true that apportionment is possible even if Midwest is dismissed as a party, Midwest fails to cite any cases holding that dismissal is required for this reason. In fact, Midwest cites *Dix & Associates* that held that apportionment was proper against an employer brought in as a third-party defendant in a personal injury suit. *Dix & Assocs. Pipeline Contractors, Inc. v. Key*, 799 S.W.2d 24, 25-29 (Ky. 1990). Thus, Midwest has failed to show the Court that the third-party complaints should be dismissed for failure to state a claim for apportionment.[5]

Midwest's reply also argues that contribution is no longer a viable remedy in Kentucky after the passage of the apportionment statute. Midwest is partially correct, in that statutory contribution is not necessary when damages are apportioned to liable parties because each party pays only the amount of damages that the party caused. *Degener*, 27 S.W.3d at 779 (holding that the common law apportionment procedure, now codified in the apportionment statute, "obviates any claim for contribution among joint tortfeasors whose respective liabilities are determined in the original action"). Because the parties agree that

---

[5] Midwest argues that Leveelift "does not appear to dispute that Midwest Steel is entitled to dismissal of Leveelift's apportionment claim." (Midwest's Reply to Leveelift's Resp. to Mot. to Dismiss at 1.) The Court notes, however, that Leveelift's response states that the complaint "requests an apportionment of fault against Midwest Steel; a full judgment for indemnity and contribution; and the dismissal of Leveelift as a Defendant in this proceeding." (Leveelift's Resp. to Mot. to Dismiss at 2.) The Court does not find that Leveelift waived its claim to apportionment by not responding to Midwest's argument that the complaint should be dismissed because there is no need for Midwest to be joined as a party.

7

apportionment is appropriate, Midwest's motion is granted as to the third-parties' prayer for contribution.

Along the same vein, Midwest's reply contends that indemnity is no longer a viable cause of action due to the enactment of the apportionment statute. Midwest contends that any cause of action for indemnity against it is purely academic because the amount of indemnity damages assessed against Midwest may only add up to the amount Midwest has already paid to the plaintiff.

The Kentucky Supreme Court was faced with this exact issue and held that the apportionment statute did not abrogate the common law right to indemnity. *Id.* at 780 (holding that the apportionment statute "has no application to the common law right of a constructively or secondarily liable party to total indemnity from the primarily liable party with whom he/she is not in pari delicto").

Further, Midwest asserts that an indemnity claim is precluded by the WCA. While Midwest contends that Kentucky courts have not reached this issue, Midwest's argument misses the mark. The Court of Appeals in *Union Carbide Corp. v. Sweco, Inc.*, 610 S.W.2d 932 (Ky. Ct. App. 1981), held that "an examination of KRS § 342.690 reveals that the legislature did not seek to abolish indemnity actions but sought to limit the amount of recovery over against the employer." *Id.* at 934. The issue not dealt with by Kentucky courts is whether the limitation of recovery in the WCA violates

8

the Kentucky Constitution's provision concerning the inability of the legislature to abrogate a common law remedy, as indemnity. *Id.* at 934. This exact issue has not been reached by the Kentucky courts. *Tucker & Assocs., Inc.*, 842 S.W.2d at 874. Nor does it need to be reached by this Court at this stage of the pleadings because neither Leveelift or Skyjack contest that Midwest's damages should be limited to the amount already paid to the plaintiff. Thus, the constitutionality of the WCA's limitation of damages' provision is not at issue and Kentucky courts have clearly held that the WCA does not preclude an action for indemnity. *Union Carbide*, 610 S.W.2d at 934. Further, Midwest did not argue that the WCA was unconstitutional in its motion to dismiss, merely arguing instead that the WCA provided the exclusive remedy and arguing the constitutional claim in its reply.

At summary judgment or at trial, it may be true that Leveelift or Skyjack can not prove that they have valid claims for indemnity if a claim for apportionment survives. At the motion to dismiss phase, however, Midwest did not argue that either party failed to meet the requirements for indemnity (i.e. were secondarily liable and not in pari delicto) and, thus, has failed to show that the third-party complaints do not state valid claims for indemnity.

### Conclusion

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

(1) That Midwest's motion to dismiss [Record No. 53] be, and the same hereby is, **DENIED IN PART AND GRANTED IN PART**.

(2) That Midwest's motion to dismiss be, and the same hereby is, **GRANTED** as to Skyjack and Leveelift's claims for contribution.

(3) That Midwest's motion to dismiss be, and the same hereby is, **DENIED** as to the claims for indemnity and apportionment.

This the 13th day of September, 2005.



Signed By:
*Joseph M. Hood*
United States District Judge